1-220-341-WC Chicago Board of Education Appellant by Thomas Doyle v. Illinois Workers' Compensation Comm'n Lisa Eskridge Appellee by Patrick Scheifele Mr. Doyle, you may proceed. Afternoon, your honors. May it please the court. I am Thomas Doyle, and I'm here on behalf of the Board of Education of the City of Chicago. We're the appellant employer in this As you recall, this is a case where Ms. Eskridge fainted and fell at Till School, and the arbitrator found, as questions as matters of fact, that Ms. Eskridge did not sustain an injury that arose out of employment at CPS, that Ms. Eskridge experienced a syncope while walking down the stairs at Till School, that Ms. Eskridge did not slip and fall as a result of snow and ice or the dilapidated condition of the stairs, that Ms. Eskridge's testimony lacked credibility regarding her own medical history, and that Ms. Eskridge's fall was idiopathic and not unexplained. Based on all of that, at the end of the arbitration decision, the arbitrator also found, again, as a question of fact, that she did not sustain an accident that arose out of employment at CPS. On review to the commission then, the commission then adopted and incorporated those findings of fact as its own, and that appears at page C87 of the record as the first page of the decision and opinion on review, it's A13 in our appendix. But then the plot thickens. The commission found on the next page that the stairs increased the risk of injury from her fall, which means a couple of things. Number one, it means that the commission's order is flatly inconsistent internally because it reaches two fundamentally irreconcilable findings of fact. First, it says did not arose out of employment by adopting the arbitrator's finding that said that, and second, it later says did arose out of employment. It is the Schrodinger's cat of administrative decisions because it holds two things, one false, one true, both at the same time within the same opinion. There is a second problem, and it is related to the first. There was no evidence, and in fact, it is wholly speculative to look at this and conclude that the stairs increased the risk of injury from her fall. The evidence that the commission cites is that the stairs were tall, that the stairs were worn, that the stairs were concrete, but there is no evidence that says that the stairs caused the knee or back injury, which is what got us here. There is no, and in fact, we have the arbitrator's finding adopted on page C87 that says that the stairs did not cause the slip and fall, so then we need some proof that would support the finding that the commission has made that somehow the stairs increase the danger from the fall once it happened from its idiopathic origins, and that proof just isn't in this record. What about the fact the employees are required to traverse the flight of stairs, a great number of stairs two times a day to collect in and out of each day. Does that increase the risk of danger? It doesn't because there isn't anything that says that that is what led to the particularly dangerous parts of her fall. Simply put, your argument is there's no evidence in the record that the condition of the stairs caused her to slip and fall. There is that. There's that and the related piece. In fact, we have a finding that the stairs did not cause the slip and fall. That's the arbitrator's finding adopted by the commission. Separately, we have no evidence in this record that the stairs somehow increased the danger. That evidence just isn't here, and in fact, if you look at my opponent's brief, they say that was a reasonable inference based on looking at the stairs. Well, now that gets awfully close to calling this positional risk, saying the mere fact that she was at work and fell increased the danger of a fall, and that simply is not the law in the state. The law is clear. She must have proof, specific proof, on the increased danger facet of her case. That's the Stapleton decision, 28 Bill App III at page 16. That's the Baldwin decision, 409 Bill App III at page 479. In those cases, the plaintiff could not prove or the claimant could not prove the increased danger and the plaintiff did not recover because of that failure in the proof. That's what we have here. We have a failure in the proof of what it is that led the commission to the decision that they reached. So what do we do? It seems to me there are two things that are in front of this court as possibilities. One, you could set aside the order that you have and send it back for the commission to clean this up. Alternatively, and to me this makes eminently more sense, you could adopt the findings of the arbitrator and rule that there is no recovery for Ms. Eskridge on this proof and in these circumstances. If your honors have no further questions, I've covered everything I wanted to cover this morning. I'm happy to entertain anything that's on your minds. World peace? I don't think there are any other questions at this time, but you will have time and reply. I appreciate it, your honor, and for the foregoing reasons, we ask that you set aside the commission's order, adopt the arbitrator's findings in total, and rule that the claimant is not entitled to recover. Thank you. Mr. Shifley, you may respond. Thank you, your honor. May it please the court. Patrick Shifley for the appellate. Excuse me. That's fine, your honor. I've worked here seven years and my boss can't get it right. The first impression of spelling my name is incorrect, but Patrick Shifley on behalf of the appellate, Lisa Eskridge, we're going to ask that the justices affirm the decision of the commission. We are here on the manifest weight of the evidence where corroborated evidence exists and was considered by the commission showing that stairs posed a greater risk to cause injury. That is based on what? The stairs and the arbitrator and the commission found did not increase the risk. Well, they found that the stairs did not increase the risk of a fall. Justice Hudson, let me actually address your question earlier. You asked a question about the number of times she traversed. I would actually take that to be a question about increased quantitative risk. Quantitative risk was not actually addressed by the commission, but there is evidence of it in the transcript. The petitioner testified that she had to go up and down the stairs. I believe it was eight times a day, three days a week, and so many times a day, this many days a week. I believe there actually is substantial evidence of quantitative risk, but that's not what the commission decided on. They decided on the basis of a qualitative risk. Specifically, they noted that she fell 23 steps, more than the average length of a customary staircase. Now, in the city of Chicago, the customary length of the staircase is 12 steps. It's not in evidence, but it's commonly known and could be judicial notice. Maybe the commission thought about that, but they also noted that the steps are uncovered, that they are cement. They're not runnered. They're not carpeted. They are dished and sloping downward. Specifically, that they slant downward, that they are worn, and that they lack any kind of treading material. All those factors arguably increase the risk, and yet your opponent says, knowing all of that, they still concluded that the stairs themselves did not increase the risk of harm to the claimant. Again, Your Honor, and this is a big distinction that I think I want to make and stress today, and that the case law stresses. The law, the act, the Workers' Comp Act, specifically says that there needs to be a link between arising out of the employment and the injury, not the employment and the accident. This is why, under the, I want to make sure I get this right, yes, under the Ervin standard, an idiopathic injury still arises out of an injury, I'm sorry, still arises out of the employment if there is a workplace-related risk that causes the injury. Now, let's stop right there. Yes, Your Honor. No question about that. Yes, Your Honor. What about these stairs caused her injury? The length, Your Honor. Falling down 23 stairs is more dangerous than falling down 12 stairs. It's a greater height. The speed and force at which you're going to arrive at the bottom is greater, gravitationally, mathematically, and that was the first element that the commission pointed to. Their decision specifically focuses on they were not average stairs. They were 25 steps in height, and petitioner fell on the second or third step, period. That's the first finding. Then it's that they were made of cement. Where does it say that the fact that they were made of cement and they may not have been the proper height caused her to fall or caused her injury? Where does it say that in the decision? In the decision, it says that they, it doesn't say that it caused her to fall, and it specifically says that it did not. Now, I disagreed with the sinkable finding, but I think it's a red herring at this time because the actual standard is, did the injury have a nexus with the employment? And the nexus is that the commission says, the commission finds the stairs increased the risk of injury from the fall. The commissioner flat out says that the stairs were more likely to produce injury than the stairs in the average. Where does it say that? I'm looking at this. I'm trying to. Your honor, it's the commission's decision. It's page two of the commission's decision. I'm sorry, I don't have the C number in front of me, but there's the paragraph petitioner presented such evidence. The stairs upon which petitioner fell were not average stairs. Then the next paragraph down begins, given these facts. Well, I mean, it says the stairs were 25 steps in height. She fell on the second and third step. They were made of cement, weren't uneven, and lacked treading. She was required to traverse. Given these facts, they find the stairs increased the risk of injury from the fall. Yes, your honor. So it's the injury sustained in the fall, not the injury sustained as a result of slipping, that you say that you're entitled to recovery. Yes, your honor. If the staircase is so dilapidated or long or dangerous as to pose an independent risk, then the cause of the fall going down the fire, and for work reasons, whether you be working in a foundry or you be working outside an outside fire, as in Irvin, if you are required to work around fire and something causes you to fall into that fire, your burns are compensable. Counsel, there's no question. The fire causes the burns. In this particular case, she slips and falls on a staircase and your theory is it wasn't whatever caused her to slip and fall, but rather the injury she suffered because of falling, and that was as the result of what? The cement weren't uneven and lacking tread? Yes. If the staircase is more risk producing than the average staircase faced by a question of being risk producing, it has to be a cause of the injury. Now your honor is verging into what I would call the medical issues, which I'm not sure are necessarily here. There was medical testimony that the fall did cause the injuries medically. Now whether or not there was Counsel, I'm not getting into the medical. I'm saying is the condition of the stairs must be a cause of the injury or the accident itself. So if the injury is whatever it is to our body, there has to be some causal connection between that injury and the condition of these stairs. What is that causal connection and where does it say it in the commission's decision? In the decision, it says that the stairs increase the risk of injury and it says, again, that's the third paragraph. Yes, the commission finds that the stairs increase the risk of injury from the fall. Yes. So in other words, because there are 25 in height and because they were made of cement weren't uneven, you're saying that's what increased the risk of injury from fall? Yes, your honor. Specifically, if these stairs had been carpeted, they would have been cushioning. If they had not been sloped downward, she might not have reached the bottom at that speed. If they had not been some, if they had not, had they had tread material, perhaps it could have been arrested. But the dilapidated condition of the stairs is what caused injury by the commission's factual determination. Parties are in agreement that this is a factual determination and which is owed manifest weight. So that's the commission's decision that there was a nexus between the condition of the stairs and of the injury. Now, counsel's talked about the cases. Ervin, we've discussed. Elliot, Elliot was not compensable because there was no evidence introduced that the stairs were different than those in the home. No home, no standard home, contains a 25-step flight of concrete stairs dished downward. Well, rare homes I imagine do, but the petitioner certainly did not. Regarding Baldwin, again, they ruled that there had been a failure to introduce evidence that the environs increased the dangerous effects of the fall. And the same is true with Builder Square, that there was no evidence that any aspect of the employment environment contributed to the risk of injury. And that is the required analysis, and that was the finding of fact by the commission. So on that matter, Your Honor, I believe that the commission's determination was correct. Regarding Justice Hudson's question about quantitative risk, I think that there was an increased quantitative risk, but I think that that wasn't found one way or the other by the commission. I think that this is in the course of, as was previously denied, I would ask the justices to affirm. And unless there are further questions, I'm going to yield it back to Mr. Doyle. At this point, I don't see any more pieces in the argument you've just heard that are just not in the record. There isn't evidence in the record about the average length of stairs versus this one. There isn't evidence in the record, or at least not findings in the record, on quantitative risk. Here's what you would hope to find if you were looking for evidence that would answer the question that's really in front of us. And the question is, did these stairs increase the risk of knee and back injuries that Ms. Eskridge suffered? You would hope for some analysis of the dynamics of her fall. In other words, did she suffer her knee injury on the fourth or fifth step? If so, the length of the stairs doesn't have any impact. It would be wildly speculative to imagine on this record which part of her fall, the top or the bottom, hurt her knee, hurt her back, or whatever, because it is just not in the record. This is a failure of proof on the theory that Ms. Eskridge is asking you to adopt. And the theory that they're asking you to adopt is that the stairs increased the risk of the injury that she suffered. It's just not there. For those reasons, Your Honor, I'm happy to answer anything else that's on your minds. But I believe that what we have in front of us is a record that cannot support the commission's decision. It ought to be set aside, and the claimant is not entitled to recover. Any questions from the court? I know. Okay, very good. Thank you, Mr. Durrell. Thank you, Mr. Shifley. This matter will be taken under advisement. Written disposition shall be forth